# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                     No. 2:20-cr-65-VJ1

JUAN MANUEL AGUILAR-AVALOS,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING SENTENCING

**THIS MATTER** is before the Court on Defendant's Motion for Release Pending Sentencing [Doc. 17], filed June 11, 2020.[1] Defendant plead guilty to Reentry of a Removed Alien and is currently detained awaiting sentencing. Defendant requests that the Court release him pending sentencing pursuant to 18 U.S.C. § 3143(a)(1). As explained in this Opinion, there is a presumption of detention pending sentencing, and the Court finds that Defendant has failed to rebut that presumption with clear and convincing evidence showing that he is not a flight risk. Therefore, Defendant will remain detained pending sentencing.

## BACKGROUND

On January 9, 2020, Defendant entered into a fast track plea agreement and plead guilty to Reentry of a Removed Alien, in violation of 8 U.S.C. §§ 1326(a) and (b). Doc. 13 (Fast Track Plea Agreement). That same day, United States Magistrate Judge Wormuth accepted Defendant's guilty plea, deferred acceptance of the plea agreement, and ordered Defendant to remain in custody. Doc. 12 (Guilty Plea Hearing Minutes). Defendant's Presentence Investigation Report states that

---

[1] Defendant did not file a reply. Defendant had until July 3, 2020 to do so. *See* D.N.M.LR-Cr. 47.8 ("A reply must be served within fourteen (14) days after service of the response.").

based "upon a total offense level of 8 and a criminal history category of IV, the guideline imprisonment range is 10 months to 16 months." Doc. 14 (Presentence Investigation Report) at 8. Defendant is currently detained at the Otero County Prison Facility awaiting sentencing.

## LAW

"If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The Court's review of a Magistrate Judge's detention order is de novo. *See United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). A hearing, however, is not required. *United States v. Greene*, 158 F. App'x 941, 942 (10th Cir. 2005). Because Defendant is pending sentencing, 18 U.S.C. § 3143(a)(1) is the controlling statute:

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

18 U.S.C. § 3143(a)(1); *see* Fed. R. Crim. P. 46(c). "There is a presumption of detention pending sentencing." *United States v. Johnson*, 652 F. App'x 619, 621 (10th Cir. 2016). The presumption applies even if the low-end of the guideline sentence is zero months. *Id.* "To secure release after a guilty verdict, a defendant must rebut the presumption of detention with clear and convincing evidence that he is not a flight risk or a danger to any person or the community." *Id.*

## DISCUSSION

Defendant argues that he is not a danger to any person or the community if he is released because he "is imprisoned for a non-violent, *malum prohibitum*[2] offense and has no history of violent behavior." Doc. 17 (Defendant's Motion) at 7. The Court agrees that Reentry of a Removed

---

[2] "An act that is a crime merely because it is prohibited by statute, although the act itself is not necessarily immoral." *Black's Law Dictionary* (11th ed. 2019).

2

Alien is a nonviolent offense. The Court also agrees that Defendant does not have a violent criminal history. Defendant's criminal convictions are all for illegally entering the United States, and the Presentence Investigation Report does not indicate any violent behavior by Defendant. *See* Doc. 14 (Presentence Investigation Report) at 5–7. Citing no authority, the United States argues that Defendant is a danger to the community because he has repeatedly violated United States immigration laws resulting in "financial and human resource loss to the local area." Doc. 19 (United States' Response) at 4. The United States explains that the "cost in legal fees, court and law enforcement time and attention could better be used in deterring the numerous and often violent criminal activity that frequently occurs along the U.S./Mexican Border in this and in the adjacent district's jurisdiction" and that "[i]n channeling funds and resources in this way, the defendant and others like him, poses an indirect danger to the local community." *Id.* The United States' argument is not relevant. The fact that resources were expended to prosecute Defendant for prior illegal entry convictions has no bearing on whether Defendant is a danger to the community. Because Reentry of a Removed Alien is not a violent offense and Defendant does not have a violent criminal history, the Court finds that Defendant is not a danger to any person or the community.

Defendant argues that he is not a flight risk because if released "he would have no opportunity to flee." Doc. 17 (Defendant's Motion) at 7. Defendant explains that "[h]e is subject to an immigration detainer based on a prior order of removal, and would be transferred directly to immigration custody and removed with no opportunity for further hearing." *Id.* Defendant's argument begs the question as to why he filed this motion considering it seems he is requesting to be released only so that he can be detained at a United States Immigration and Customs Enforcement facility. Regardless, the proper analysis concerning whether Defendant is a flight risk is whether he is a person that is likely to flee if released, and Defendant's criminal history

3

unquestionably demonstrates to the Court that he is a person that is likely to flee:

| Date of Arrest | Charge/Court | Date Sentence Imposed/Disposition |
|---|---|---|
| 04/25/2003 (Age 20) | Illegal Entry/United States District Court, El Paso, TX; Docket No.: 3: 03-1426M | 05/08/2003: 3 years unsupervised probation 05/14/2004: Probation revoked, sentenced to 4 months custody |
| 12/22/2003 (Age 21) | Illegal Entry/United States District Court, El Paso, TX; Docket No.: 03: 03-3985MC | 01/05/2004: 13 days custody |
| 05/18/2005 (Age 22) | Illegal Reentry/United States District Court, El Paso, TX; Docket No.: EP-05-CR-1317-KC | 09/27/2005: 133 days custody (time served) and a 1 year term of non-reporting supervised release 06/28/2006: Supervised release revoked. Sentenced to 12 months custody with 6 months custody to run concurrent and 6 months to run consecutive to the sentence imposed in Docket No. EP-06-CR-82-KC |
| 01/03/2006 (Age 23) | Illegal Reentry/United States District Court, El Paso, TX; Docket No.: EP-06-CR-82-KC | 06/28/2006: 21 months custody, 3 years non-reporting TSR, and $100 SPA |
| 05/08/2017 (Age 34) | Reentry of a Removed Alien/United States District Court, Las Cruces, NM; Docket No.: 2:17CR01457-001TM | 08/22/2017: 6 months custody |

Doc. 14 (Presentence Investigation Report) at 5–7. This case marks Defendant's fourth felony conviction for illegally reentering the United States.   Additionally, he has two prior misdemeanor convictions for illegally entering the United States. Defendant has not been deterred by the time he spent incarcerated for his five prior illegal entry and reentry convictions. Defendant's prior criminal history clearly demonstrates that he has no respect for the immigration laws of the United States and if released, he will likely flee in order to remain in the United States. Consequently, the Court has no confidence that Defendant will appear for sentencing if released. Therefore, the Court

finds that Defendant is a flight risk.

Defendant devotes a considerable portion of his motion discussing the coronavirus at the Otero County Prison Facility. Doc. 17 (Defendant's Motion) at 1–6. He details the number of coronavirus cases at the facility, the measures the facility has taken in response to the coronavirus, and what other Courts have done in response to the coronavirus. Defendant also claims, without providing any supporting evidence, that he is at an increased risk from the coronavirus: "[Defendant] himself suffers from and takes medication for hypertension, putting him at increased risk from COVID-19." *Id.* at 6. As noted above, 18 U.S.C. § 3143(a)(1) is the controlling statute, and it requires the Court to evaluate whether Defendant is "likely to flee or pose a danger to the safety of any other person or the community if released." Despite Defendant also recognizing that 18 U.S.C. § 3143(a)(1) is the controlling statue, he does not make any argument concerning how his alleged increased risk from the coronavirus makes him less likely to flee if released.

## CONCLUSION

There is a presumption of detention pending sentencing. For the reasons stated in this Opinion, the Court finds pursuant to 18 U.S.C. § 3143(a)(1) that Defendant has failed to rebut that presumption with clear and convincing evidence showing that he is not a flight risk. Accordingly, Defendant's Motion for Release Pending Sentencing [Doc. 17] is **DENIED**. Defendant shall remain detained pending his sentencing hearing.

**IT IS SO ORDERED**.

**CHIEF UNITED STATES DISTRICT JUDGE**